```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT
                                        :
SIDIKIBA MAGASOUBA,                     :
     Petitioner,                        :
                                        :
     v.                                 :    No. 2:07-cv-161
                                        :
ROBERT NORRIS, SHERIFF,                 :
FRANKLIN COUNTY JAIL,                   :
     Respondent.                        :
                                        :
```

**OPINION AND ORDER**

Petitioner Sidikiba Magasouba initiated this matter by filing his Petition for Writ of Habeas Corpus (Doc. 1) on July 25, 2007. Respondent moved that the Court dismiss the petition on jurisdictional and justiciability grounds. On October 22, 2007, the Court issued an Order granting the United States' Motion to Dismiss (Doc. 7). On November 1, 2007, the United States filed a Motion for Clarification (Doc. 14). The Government has asked the Court to provide the legal basis for its dismissal. The Court hereby GRANTS as unopposed the United States' Motion for Clarification (Doc. 14) and issues the following written opinion in support of its Order dated October 22, 2007, whereby Respondent's Motion to Dismiss (Doc. 7) is GRANTED and the petition is DISMISSED without prejudice.

**I.   BACKGROUND**

Magasouba, a Guinean native, came to the United States in 1990. He is a legal permanent resident who, prior to his

detention, lived with and supported his wife and three young children, all of whom are United States citizens. In July, 2005, Magasouba was arrested at a Rhode Island flea market for selling fraudulent DVDs. After pleading "no contest," he was convicted in a Rhode Island state court of an offense under R.I. Gen. Laws § 11-17-13.[1] Subsequently, the government initiated removal proceedings against Magasouba based on his commission of an alleged "aggravated felony" pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). The record is unclear as to when Magasouba was taken into custody in connection with the removal proceedings.[2] On March 14, 2007, the Immigration Judge ("IJ") found Magasouba removable.

Magasouba commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 on July 25, 2007. In particular, Magasouba sought release from his detention under 8 U.S.C. § 1226(c) "pending the final conclusion of his immigration proceedings." (Pet. for Writ of Habeas Corpus 1.) He has

---

[1] The record before this Court is unclear as to the particular subsection under which Magasouba was convicted. Section 11-17-13(c) provides that the offense of trafficking in trademark counterfeits consists of possession "with the intent to sell goods which contain a counterfeit trademark, service mark, or identification mark," and that the offense is a felony "if the goods .... have, in the aggregate, a retail value of .... five thousand dollars or more."

[2] Magasouba alleges that he has been detained since July, 2006, approximately twenty months. (Resp. by Pet'r to Mot. to Dismiss 2.)

challenged his current detention, arguing that the IJ erroneously concluded that he was subject to the mandatory detention provisions of § 1226(c).

Underlying this argument is Magasouba's contention that he is not removable.  Most notably, Magasouba has challenged the IJ's determination that his conviction constituted an aggravated felony, relying principally on *Nugent v. Ashcroft*, 367 F.3d 162 (3rd Cir. 2004).  The IJ found that the state conviction fell under the definition of "aggravated felony" for the purposes of the Immigration and Nationality Act (the "Act") because requirements set forth in 8 U.S.C. § 1101(a)(43)(R) were satisfied, and despite the fact that the requirements set forth in § 1101(a)(43)(M)(i) were not satisfied.  Section 1101(a)(43) lists and defines crimes that constitute an aggravated felony. Section 1101(a)(43)(R) concerns offenses "relating to commercial bribery, counterfeiting, [and] forgery" whereas § 1101(a)(43)(M) concerns offenses that "involve[] fraud or deceit."  While § 1101(a)(43)(R) requires only that the term of imprisonment be at least one year, § 1101(a)(43)(M)(i) requires that the loss exceeds $10,000.

Magasouba maintains that in this case, both prongs must be satisfied before he can be found to have committed an "aggravated felony" under § 1101(a)(43).  In *Nugent*, the Third Circuit confronted a nearly identical legal question: whether a state

3

conviction that satisfied § 1101(a)(43)(G) but did not satisfy § 1101(a)(43)(M)(i) constitutes an aggravated felony for purposes of the Act.  The Third Circuit found that the state conviction in that case was "bottomed on" fraud or deceit.  367 F.3d at 177.  In such cases, the Court held the requirements of § 1101(a)(43)(M)(i) must be met *in addition to* any other applicable subsections.  *Id.* at 176.  At the very least, Magasouba has raised a substantial argument that he is not removable.

Nonetheless, on July 31, 2007, the Board of Immigration Appeals (BIA) denied Magasouba's appeal of the removal order issued by the IJ, thereby rendering the order "administratively final."  8 U.S.C. § 1231(a)(1)(B)(I).  Once a detainee's removal order is "administratively final," detention is no longer mandated under § 1226, but rather under § 1231.  As a result, the statutory basis for Magasouba's detention has shifted.

On August 22, 2007, Magasouba filed a petition in the First Circuit Court of Appeals for review of his final order of removal.  Although this petition for review does not challenge his current detention, it does raise many challenges with respect to Magasouba's removability, including his legal arguments as to whether his conviction constitutes an aggravated felony for purposes of the Act.

### III.  DISCUSSION

As a preliminary matter, it must be noted that a number of

federal courts have ordered the release of petitioners who had been held in custody under 8 U.S.C. § 1226(c) pending review by the BIA or by the appropriate circuit court.  *See, e.g.*, *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005); *Madrane v. Hogan*, No. 1:05-CV-2228, 2007 U.S. Dist. LEXIS 7970, *12-15 (M.D. Pa. Feb. 5, 2007) (citing and discussing additional cases); *Diomande v. Wrona*, No. 05-73290, 2005 U.S. Dist. LEXIS 33795, *4-7 (E.D. Mich. Dec. 12, 2005); *Fuller v. Gonzales*, No. 3:04-CV-2039, 2005 U.S. Dist. LEXIS 5828, *14-17 (D. Conn. Apr. 8, 2005).  In each of these cases, the courts have distinguished *Demore v.Kim*, 538 U.S. 510 (2003), based on the fact that the petitioners, like Magasouba and unlike Kim, have contested their removability, and also based on the duration of the detention.  *See Tijani*, 430 F.3d at 1242.

However, the crucial distinction in this case is that Magasouba is no longer being held under 8 U.S.C. § 1226(c), but rather under § 1231(a) as noted above.  Although it is true that Magasouba's detention would once again come under § 1226(c) if the First Circuit granted a stay of his removal order, the First Circuit has not done so.[3]  *See Wang v. Aschroft*, 320 F.3d 130, 147 (2d Cir. 2003).  Furthermore, in the wake of the Real ID Act

---

[3]  At the time of the Court's Order of dismissal, the First Circuit had not issued its decision on Magasouba's motion for stay of removal.  However, in an Order dated November 20, 2007, the circuit panel denied Magasouba's motion for stay of removal.  *Magasouba, et al. v. Mukasey*, No. 07-2298 (1st Cir. Nov. 20, 2007).

of 2005, Pub. L. No. 103-13, § 106(a), 119 Stat. 231, 310-11 (codified at 8 U.S.C. § 1252(a)(5)), this Court has no jurisdiction to review Magasouba's order of removal.

### IV.  CONCLUSION

For the foregoing reasons, it is hereby ordered that Petitioner Sidikiba Magasouba's Petition for Writ of Habeas Corpus is DISMISSED without prejudice.

Dated at Burlington, Vermont this 6th day of March, 2008.


                                /s/ William K. Sessions III
                                William K. Sessions III
                                Chief Judge